FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA    SEP 1 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA    )
                            )    Criminal No. 07- 332
        v.                  )
                            )    (18 U.S.C. §§ 1343 and
MAX RAY BUTLER,             )     1028(a)(7))
    a/k/a MAX RAY VISION    )

CERTIFIED FROM THE RECORD
Date September 11, 2007
ROBERT V. BARTH, JR., CLERK
By Brooke Sumner
                Deputy Clerk

INDICTMENT

The grand jury charges:

Introduction

1.  At all times material to this indictment, the
defendant, MAX RAY BUTLER, a/k/a MAY RAY VISION (hereinafter "MAX
RAY BUTLER"), resided in San Francisco, California.

2.  At all times material to this indictment, the
defendant, MAX RAY BUTLER, operated a website known as
www.cardersmarket.com, which served primarily as a forum for those
engaged in the illegal acquisition, use and/or sale of unauthorized
credit card account information, and other personal identification
and financial information that could be used for illicit financial
gain, a process known as "carding."

3.  At all times material to this indictment, the
defendant, MAX RAY BUTLER, used, among others, the online nicknames
of "Iceman", "Digits" and "Aphex" in connection with his Internet
activity, both within and outside of the www.cardersmarket.com
forum.

## The Scheme and Artifice

4.    From in and around June 2005 to on or about September 5, 2007, in the Western District of Pennsylvania and elsewhere, the defendant, MAX RAY BUTLER, did devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, by remotely accessing, without authorization, secure computer systems connected to the Internet, including but not limited to computers located at financial institutions and credit card processing centers, in order to acquire credit card account information and other personal identification information that he could sell, and did sell, to others both known and unknown to the grand jury, who, in turn, would use the information either to make fraudulent purchases or to re-sell to others to make said purchases, causing losses to the credit card issuers.

5.    It was a part of the scheme and artifice that the defendant, MAX RAY BUTLER, and another person known to the grand jury created the www.cardersmarket.com website in and around June 2005 for the purpose of establishing a safe haven for those engaged in carding activity to communicate with one another and to coordinate their illegal activities, and for the purpose of attracting new members to assist in carding activity. As of September 5, 2007, Cardersmarket had thousands of members

2

worldwide.

6.    It was further a part of the scheme and artifice
that the defendant, MAX RAY BUTLER, acquired, by accessing secure
computers without authorization, credit card account information,
including credit card numbers, credit card holder names, credit
card types and expiration dates, issuing bank names, Credit
Verification Values (CVVs), and related financial information for
credit card accounts throughout the United States and in foreign
countries.

7.    It was further a part of the scheme and artifice
that the defendant, MAX RAY BUTLER, sent, by means of the Internet,
the   aforementioned   information   for   tens   of   thousands   of
unauthorized credit card accounts to persons known to the grand
jury, who, in turn, converted the information to cash proceeds by
making fraudulent purchases of merchandise that they re-sold, and
shared the proceeds of such sales with the defendant, MAX RAY
BUTLER.

8.    It was further a part of the scheme and artifice
that the defendant, MAX RAY BUTLER, also sold, over the Internet,
unauthorized credit card account information to other persons, both
known and unknown to the grand jury, and often did so using the
online nickname of "Digits."

9.    It was further a part of the scheme and artifice
that, in and around October 2006, the defendant, MAX RAY BUTLER,

3

engaged in interstate wire communications over the Internet, using electronic mail ("email"), with a person known to the grand jury who was located in the Western District of Pennsylvania, and in said communications discussed, among other things, the sale of unauthorized access devices by the defendant to said person, namely unauthorized credit card account information, and provided instructions concerning payment to the defendant for the sale of said information.

10.   It was further a part of the scheme and artifice that, in and around November and December 2006, the defendant, MAX RAY BUTLER, engaged in interstate wire communications over the Internet, using email, with a person known to the grand jury who was located in the Western District of Pennsylvania, and in said communications provided a price listing of various unauthorized access devices the defendant was offering for sale, identifying them by credit card type and issuing bank and stating the method of payment the defendant would accept for purchases of said information.

11.   It was further a part of the scheme and artifice that, in and around April 2007, the defendant, MAX RAY BUTLER, engaged in interstate wire communications over the Internet, using Internet Relay Chat ("IRC") communications, with a person known to the grand jury who was located in the Western District of Pennsylvania, said communications discussing the recipient's review

4

of the quality, in terms of their ability to fool merchants, of samples of fabricated credit cards that could be encoded with unauthorized credit card account information, said samples having been sent to the recipient by another member of www.cardersmarket.com known to the grand jury, who was principally responsible for converting to cash proceeds unauthorized credit card account information furnished to him by the defendant.

        12.   On or about the dates listed below, in the Western District of Pennsylvania and elsewhere, for the purpose of executing the aforesaid scheme and artifice, the defendant, MAX RAY BUTLER, using computers located in the Northern District of California, did cause to be transmitted to computers located in the Western District of Pennsylvania by wire in interstate commerce certain writings, signs, and signals described below, each such use of the interstate wires identified hereafter being a separate count of this Indictment and incorporating the scheme and artifice set forth in paragraphs 1 through 11 hereof, as if set forth in full:

| COUNT | DATE (ON OR ABOUT) | SENDER | ACTIVITY |
|-------|--------------------|--------|----------|
| 1. | 10/13/06 | Max Ray Butler San Francisco, California | Internet communication by email with prospective purchaser of unauthorized access devices. |
| 2. | 11/27/06 | Max Ray Butler San Francisco, California | Internet communication by email with prospective purchaser of unauthorized access devices. |

3.  04/03/07    Max Ray Butler          Internet communication by IRC
                San Francisco,          concerning review of quality of
                California              unauthorized access devices.

   In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The grand jury further charges:

13. On or about October 14, 2006, in the Western District of Pennsylvania and elsewhere, the defendant, MAX RAY BUTLER, did knowingly transfer, without lawful authority, a means of identification of another person, to wit, 23 unauthorized access devices in the form of credit card account numbers, along with the Bank Identification Number (BIN), type of card, class of card, and name of issuing bank for each such card, the transfer of which was in and affected interstate commerce and made with the intent to commit, to aid and abet, and in connection with, violations of federal law, namely access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(2) and 1029(a)(3).

In violation of Title 18, United States Code, Section 1028(a)(7).

7

## COUNT FIVE

The grand jury further charges:

14. On or about December 6, 2006, in the Western District of Pennsylvania and elsewhere, the defendant, MAX RAY BUTLER, did knowingly transfer, without lawful authority, a means of identification of another person, to wit, 80 unauthorized access devices in the form of credit card account numbers, along with the Bank Identification Number (BIN), type of card, class of card, and name of issuing bank for each such card, the transfer of which was in and affected interstate commerce and made with the intent to commit, to aid and abet, and in connection with, violations of federal law, namely access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(2) and 1029(a)(3).

In violation of Title 18, United States Code, Section 1028(a)(7).

A True Bill,

_____
FOREPERSON

_____
MARY BETH BUCHANAN
United States Attorney
PA ID NO. 50254

8

AO 442 (Rev. 12/85)  Warrant for Arrest

# *United States District Court*

### __WESTERN__ *DISTRICT OF* __PENNSYLVANIA__

UNITED STATES OF AMERICA

V.

MAX RAY BUTLER

**WARRANT FOR ARREST**

**CASE NUMBER:**

**UNDER SEAL**

07 401⁣

To:   The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ___Max Ray Butler___
                                                                              **Name**

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment ☐ Information ☒ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense)

Identity Theft, in violation of 18 U.S.C. § 1028(a)(7); Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(3); and Wire Fraud, in violation of 18 U.S.C. § 1343.

in violation of Title __18__ United States Code, Section(s) __1028, 1029 and 1343__

Robert C. Mitchell
Name of Issuing Officer

*Robert C. Mitchell* (signature)
Signature of Issuing Officer

U.S. Magistrate Judge
Title of Issuing Officer

*Sept 4 2007* (signature)
Date and Location

CERTIFIED FROM THE RECORD
Date Sept. 11, 2007
ROBERT V. BARTH, JR., CLERK
By Brooke Sumner
                    Deputy Cle

Bail fixed at $ _____     by     _____
                                                                                    Name of Judicial Officer

| RETURN |
| --- |
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| --- | --- | --- |
| DATE OF ARREST | | |